UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 1116-1122 Greenleaf Building LLC, Matthew Spiegel, | |
| Appellants, | Case Nos. 22-cv-1622, 22-cv-1651 |
| v. | Judge Mary M. Rowland |
| Official Committee of Unsecured Creditors, | |
| Appellee. | |

## MEMORANDUM OPINION AND ORDER

These consolidated cases appeal the bankruptcy court's orders in a Chapter 11 case. For the reasons explained below, the bankruptcy court's orders are affirmed.

**I. Background**

**A. The Parties**

The Debtor in the bankruptcy court is Marshall Spiegel. Spiegel has been involved in protracted litigation, represented by John Xydakis, with residents of an eight-unit condominium building for several years. *See Spiegel v. Hall*, 2021 IL App (1st) 190840-U, ¶ 2, *appeal denied*, 183 N.E.3d 879 (Ill. 2021). On December 16, 2020, Marshall filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. App. at 2.[1] In March 2021, the Office of the United States Trustee filed the Appointment of Unsecured Creditors' Committee in the Chapter 11 case, appointing

---

[1] The Court cites to the Appendix, filed in case 22-cv-1622 at ECF No. 30, as "App."

Appellee as an official committee to represent the interests of Marshall's unsecured creditors. App. at 9.

The matter before this Court involves two discovery orders entered by the bankruptcy court. Spiegel's adult son, Matthew Spiegel, and Matthew's company, 1116-22 Greenleaf Building, LLC, are the Appellants in this case.

**B. Procedural Background**

On April 20, 2021, Appellee filed a motion to conduct Rule 2004 examinations[2] (2004 Motion). App. at 14. Appellants opposed the Rule 2004 Motion via objection filed by Xydakis. *Id.* at 153–56. The bankruptcy court overruled Appellants' objection, granted the 2004 Motion and authorized the issuance of subpoenas to both Appellants. *Id.* at 174. Appellee issued and served the subpoenas on the Appellants on or around May 28, 2021. *Id.* at 204–07.

On June 11, 2021—the subpoenas' compliance date—Appellants filed their joint objections to the Rule 2004 subpoenas and to modify or quash (Motion to Quash). *Id.* at 153–73. On June 21, 2021, Appellee filed a motion to compel Appellants' compliance with the 2004 subpoenas (First Motion to Compel). *Id.* at 175–248. On July 19, 2021, the bankruptcy court granted the First Motion to Compel, *id.* at 24, and denied Appellants' Motion to Quash, *see* Bankr. [246].[3] The bankruptcy court

---

[2] Federal Bankruptcy Rule 2004 may be used to examine "creditors and third parties who have had dealings with the debtor." *In re Sheetz*, 452 B.R. 746, 748 (Bankr. N.D. Ind. 2011) (quoting *Matter of Wilcher,* 56 B.R. 428, 434 (Bankr. N.D.Ill. 1985)).

[3] The Court cites to the bankruptcy docket as "Bankr. [ ]". The bankruptcy case is captioned: In re: Marshal Spiegel, Case No. 20-21625, and it remains pending in this district.

ordered Appellants to produce responsive documents, and for Matthew to sit for a deposition, on or before August 13, 2021. *Id.*

In October 2021, Appellee filed a second motion to compel (Second Motion to Compel), arguing that Appellants' discovery responses remained deficient and that they refused to meet and confer regarding discovery. App. at 258–359. Appellee also requested that the bankruptcy court sanction Appellants and their attorney for the expenses in connection with drafting and filing the Second Motion to Compel. *Id.* at 259. In November 2021, the bankruptcy court granted in part and denied in part the Second Motion to Compel. Bankr. [403]. The bankruptcy court continued Appellee's request that Appellants and their attorney, John Xydakis, be ordered to pay "reasonable expenses incurred by the [Appellee] in drafting and filing this Motion, including attorneys' fees." *Id.* at 3. The bankruptcy court ordered further briefing with respect to Appellee's request for attorneys' fees. Bankr. [408].

On November 25, 2021, Appellants filed a motion for Rule 45 expenses (Appellants' Sanctions Motion). Bankr. [420]. Appellants requested an award of fees, costs, and expenses in connection with their attempt to comply with Appellee's subpoenas. *Id.* The bankruptcy court then set a briefing schedule on Appellants' Sanctions Motion and suspended briefing on Appellee's Second Motion to Compel. Bankr. [428]. The bankruptcy court set both motions for hearing on January 24, 2022. *Id.*

On January 24, 2022, the bankruptcy court ordered further briefing on Appellants' Sanctions Motion and ordered Appellee to file a supplement to the Second

3

Motion to Compel "for actual fees requested". Bankr. [454]; [455]. Appellee filed a brief (Appellee's Fee Request) seeking $22,101.00 in attorneys' fees in connection with the Second Motion to Compel. Bankr. [470]. The Appellants' brief (Appellants' Fee Request) sought $183,645.00 in attorneys' fees and costs in connection with their involvement in the Chapter 11 case, including $108,000.00 in costs "for redactions to bank statements." Bankr. [474-1] at 3–4. Appellants later sought leave to amend their request for fees to reduce the requested amount to $75,885.00. Bankr. [496].

On March 14, 2022, the bankruptcy judge held a hearing on both Appellee's Fee Request and Appellants' Fee Request. App. at 420–87. Ruling orally first on Appellee's Fee Request, the judge explained that Appellee brought its Second Motion to Compel under Federal Rule of Civil Procedure 37, made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7037. App. at 451–52. The bankruptcy judge observed that Rule 37(a)(5)(A) "says that it applies to . . . parties and deponents and to counsel to the parties and deponents" and ruled that Appellants' "non-compliance was not substantially justified. So the deponent whose conduct necessitated the motion here and his attorney are subject to the potential award of fees." *Id.* at 455.

The bankruptcy judge also rejected, on the record, each argument put forth by the Appellants. First, the bankruptcy judge admonished Appellants' counsel for arguing that Rule 37 applies only to parties, not subpoenaed non-parties. App. at 453–44. The judge called this argument "deceptive and inaccurate" because Rule 37(a)(5)(A) "is much more robust than that." *Id.* at 454. The judge also rejected

4

Appellants' argument that Appellee is not authorized to collect fees under Rule 37(c)(1) because the committee did not seek sanctions under that subsection; once again, the judge found Appellants' argument "misleading and incorrect." *Id.* at 455. The bankruptcy court also dismissed Appellants' argument that Appellee should cease its investigation into the origins of the debtor's plan. *Id.* The bankruptcy judge found this to be a "non-argument" because Appellee has a fiduciary obligation to investigate that the debtor's plan is proposed in good faith, and thus, it was "entirely appropriate for the committee to act in the manner that it has acted here." *Id.* at 455–56. The bankruptcy court awarded Appellee $12,510.50 in fees. *Id.* at 458.

The bankruptcy court also denied Appellants' Fee Request. Ruling orally, the bankruptcy court noted that Appellants brought their Fee Request under Federal Rule of Civil Procedure 45, made applicable in bankruptcy proceedings via Federal Rule of Bankruptcy Procedure 9016. *Id.* at 469. The court explained that, to shift fees from Appellants to Appellee under Rule 45, it must ask whether it must protect a non-party (here, Appellants) from a "significant expense." *Id.* at 470. Here, the bankruptcy court reasoned that "the expense is with respect to compliance," not "with respect to strategic non-compliance or resistance or strategy," and the "vast majority of what [Appellants] have sought here is not related to compliance as the rule is targeted." *Id.* The court determined that Appellants submitted only $10,710 of actual compliance costs. *Id.* at 473.

The bankruptcy court then analyzed whether the compliance costs were "significant" within the context of Rule 45. *Id.* The bankruptcy court relied on an

5

opinion from the District of Columbia district court setting out three factors for courts in answering that question: (1) whether the non-party has an interest in the outcome of the case; (2) whether the non-party can more readily bear the cost than the requesting party; and (3) whether the litigation is of public importance. *Id.* at 473–74. The bankruptcy court found the first factor "an important one here" because Matthew is both a creditor and a party in interest and Appellants "have clearly helped to secure a potential loan to the debtor to finance his plan." *Id.* at 474. As to the second factor, the bankruptcy court was unpersuaded that Appellants were in a poorer position to bear the costs of compliance because Matthew is the majority owner of Greenleaf which holds roughly $1.8 million in loan proceeds secured by the building, with a substantial amount of equity. *Id.* at 475. In light of the above, the bankruptcy court concluded that $10,710 was not a significant expense and that the balance of the factors did not weigh in favor of Appellants. *Id.* The bankruptcy court accordingly denied Appellants' Fee Request. *Id.*

After the hearing, the bankruptcy court entered an order denying the Appellants' Fee Request. Bankr. [516]. Appellants filed their notice of appeal of this order March 28, 2022. Bankr. [530]. On March 29, 2022, Appellants filed a notice of appeal of the bankruptcy court's order compelling their payment of $12,510.50 in fees to Appellee. Bankr. [522]; [540]. This Court subsequently consolidated the two appeals.

## II. Analysis

### A. Jurisdiction & Standard of Review

Pursuant to 28 U.S.C. § 158(a)(1), this Court has jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court. Orders in bankruptcy cases qualify as final "when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020); *see Matter of Aguirre*, 37 F.4th 427, 429 (7th Cir. 2022) ("Bankruptcy comprises many disputes that are stand-alone suits outside bankruptcy, and an appeal is permissible if the district court has finally resolved one such dispute."), *cert. denied sub nom. Wheeler Fin., Inc. v. JPMorgan Chase Bank, N.A.*, 143 S. Ct. 491 (2022). In contrast, when "the order in question does not finally resolve a discrete dispute and '[t]he parties' rights and obligations remain unsettled,' the order lacks sufficient finality to support appellate jurisdiction." *Hazelton v. Bd. of Regents for the Univ. of Wis. Sys.*, 952 F.3d 914, 917 (7th Cir. 2020) (alteration in original) (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 503 (2015)).

As a threshold matter, Appellee argues that this Court lacks jurisdiction because its efforts to compel Appellants' full compliance with discovery remains ongoing. [29] at 5–6. Appellee draws this Court's attention to two other discovery motions pending before the bankruptcy court and suggests that "further costs are likely to be incurred therein." *Id.* at 6. But the fact that compliance with discovery remains a contested issue with the bankruptcy court does not make the bankruptcy

7

court's orders non-final. One order granted Appellee's motion to compel compliance with discovery and ordered Appellants to pay a set amount of fees, and the other order denied Appellants' request for cost-shifting under Rule 45. These are orders that dispose of discrete issues within the bankruptcy proceedings, making them sufficiently final for the purposes of this Court's jurisdiction. *See Hazelton*, 952 F.3d at 917 (holding that the district court had jurisdiction to hear an appeal denying the appellants' motion for sanctions, "fully and finally resolving that dispute"); *see also, e.g.*, *In re Woerner*, 783 F.3d 266, 270 (5th Cir. 2015) (exercising jurisdiction over a bankruptcy court's award of attorney's fees). To be sure, other discovery issues may still arise between Appellants and Appellee as the Chapter 11 case remains ongoing. Those issues are, however, unripe and irrelevant to the consolidated appeals here.

The parties also dispute the proper standard of review in this case. Appellants argue that this Court should review the bankruptcy court's orders under a general *de novo* standard. [24] at 7–8. On the other hand, Appellee urges this Court to use a *de novo* standard in considering the bankruptcy court's application of the Federal Rules of Civil Procedure, and a clear error standard while evaluating the bankruptcy court's findings of fact. [29] at 8. Appellee correctly articulates the proper standard of review. This Court evaluates the bankruptcy court's determinations of law *de novo* and its findings of fact for clear error. *In re Miss. Valley Livestock, Inc.*, 745 F.3d 299, 302 (7th Cir. 2014); *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009).

This Court next addresses Appellants' arguments on appeal.

    **B.**    **Appellants' Fee Request and Rule 45 Fee-Shifting**

8

Beginning with the bankruptcy court's order denying the Appellants' Fee Request, Appellants argue that the bankruptcy court erred by concluding that Appellants did not incur "significant expense" mandating fee-shifting under Rule 45.

Federal Rule of Civil Procedure 45 requires the court to protect a non-party subject to a subpoena if a subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). Rule 45(d)(2)(B)(ii) further states that, when a court orders compliance with a subpoena over objection, "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Under this rule, courts consider only "whether the subpoena imposes expenses on the non-party, and whether those expenses are significant." *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001) (internal quotation marks omitted). If they are, the court must require the party seeking discovery to "bear at least enough of the expense to render the remainder non-significant." *Id.* (internal quotation marks omitted). Whether expenses qualify as significant rests within the sound discretion of the court. *Callwave Commc'ns, LLC v. Wavemarket, Inc.*, No. C 14-80112 JSW (LB), 2014 WL 2918218, at *3 (N.D. Cal. June 26, 2014). The court considers a non-party's "ability to pay" in analyzing whether an expense qualifies as significant. *Cornell v. Columbus McKinnon Corp.*, No. 13-CV-02188-SI, 2015 WL 4747260, at *4 (N.D. Cal. Aug. 11, 2015); *see also Linder*, 251 F.3d at 182.

In deciding to not shift costs, the bankruptcy court first determined that the vast majority of Appellants' requested costs did not relate to their compliance with their subpoena, and that rather, Appellants incurred only $10,710 in actual

9

compliance costs. App. at 473. The bankruptcy court then determined that the costs were not "significant" by evaluating three factors: (1) whether the non-party has an interest in the outcome of the case; (2) whether the non-party can more readily bear the cost than the requesting party; and (3) whether the litigation is of public importance. App. at 473–74. Finding that Appellants had a significant interest in the outcome of the case and that they were more than able to bear the costs of compliance, the bankruptcy court concluded that fee-shifting was inappropriate. *Id.*

This Court finds no error with the bankruptcy court's conclusion. First, the bankruptcy court correctly discounted Appellants' costs from over $100,000 to around $10,000, because "unnecessary or unduly expensive services" do not count as compensable "expenses" under Rule 45. *Cornell*, 2015 WL 4747260, at *4 (quoting *United States v. McGraw-Hill Companies, Inc.*, 302 F.R.D. 532, 536 (C.D. Cal. 2014)). In addition, the bankruptcy court properly considered the three factors above in denying Appellants' requested fees. Courts commonly consider the same factors in determining whether to award fees under Rule 45. *See In re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992); *United States ex rel. Strauser v. Stephen L. LaFrance Holdings, Inc.*, No. MC 20-5 (CKK), 2020 WL 2496986, at *5 (D.D.C. May 14, 2020); *Cornell*, 2015 WL 4747260, at *5; *Culliver v. Ctr. for Toxicology & Env't Health LLC*, No. 3:21-CV-4942-MCR-GRJ, 2022 WL 475185, at *4 (N.D. Fla. Feb. 16, 2022).

Appellants makes several arguments on appeal, but none are persuasive. Appellants argue that fee shifting is mandatory under Rule 45. [24] at 10. This is not a precise articulation of the law. As stated above, Rule 45 requires fee-shifting only

10

upon a finding that a subpoenaed party would incur "significant expense" from complying with discovery, and here, the bankruptcy court determined that Appellants' expenses are not "significant" within the context of Rule 45. Contrary to Appellants' contention, the law does not mandate fee-shifting in every instance. *Contra* [24] at 10.

Appellants argue that the bankruptcy court erred in determining that the expenses were not significant because Matthew makes only $15 an hour working in a mailroom while Appellee charges a greater hourly rate. [24] at 12. Yet Appellants ignore the bankruptcy court's factual finding that, despite this apparent disparity in hourly earnings, Matthew is also the majority owner of Greenleaf, which currently holds $1.8 million in loan proceeds secured by the building, with a substantial amount of equity. App. at 474–75. Appellants offer no explanation why this Court should set aside that factual finding, and thus, demonstrate no error in the bankruptcy court's conclusion that Matthew was not in a poorer position to bear costs. *Id.*

Appellants alternatively argue that the bankruptcy court should have sanctioned Appellee under Rule 45. [24] at 14. This argument fares no better. Rule 45(d)(1) requires courts to "impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply" with Rule 45's requirement that an issuing party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." An undue burden does not, however, arise unless a nonparty is subjected to a "significant expense." *Keaton v. Hannum*, No. 1:12-CV-00641-SEB, 2013 WL 4481889, at *1 (S.D.

11

Ind. Aug. 19, 2013). And as discussed above, the bankruptcy court properly concluded that Appellants did not incur a "significant expense" under Rule 45. The bankruptcy court thus also properly declined to impose Rule 45 sanctions on Appellee.

### C. Appellee's Fee Request and Rule 37

Appellants also appeal the bankruptcy court's imposition of Rule 37 sanctions. Their sole argument on appeal posits that Rule 37 applies only to parties, not to third parties. [24] at 18–19. This argument is meritless.

Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Although, as Appellants point out, Rule 37 "primarily pertains to parties," *Winecup Gamble, Inc. v. Gordon Ranch, LP*, No. 317CV00163RCJWGC, 2020 WL 732949, at \*2 (D. Nev. Feb. 12, 2020), nothing in subsection 37(a)(5)(A) limits its application to parties exclusively. Rather, the plain language of the rule applies to "a party *or deponent* whose conduct necessitated" a discovery motion. Fed R. Civ. P. 37(a)(5)(A); *see also Sprint Sols., Inc. v. iCell Guru, Inc.*, 310 F.R.D. 563, 569 (N.D. Ill. 2015) (recommending, pursuant to Rule 37(a)(5)(A), that a non-party "pay the reasonable expenses, including attorney's fees" the plaintiff incurred in bringing a motion to compel); *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1220 (9th Cir. 2018) (recognizing that Rule 37(a)(5) applies to "motions to compel nonparties to attend depositions"); *Webb v. County of Stanislaus*, No.

221MC00696JNPJCB, 2022 WL 1288857, at *7 (D. Utah Apr. 29, 2022) (awarding attorneys' fees to the plaintiff against a non-party under Rule 37(a)(5)). Accordingly, the bankruptcy court committed no legal error by imposing attorneys' fees against Appellants under Rule 37(a)(5)(A).

### III. Conclusion

For the reasons explained above, the bankruptcy court's orders are AFFIRMED. The Clerk is directed to enter judgment affirming the decisions of the bankruptcy court. Civil cases 22-cv-01622 and 22-cv-01651 are terminated.

E N T E R:

Dated: March 28, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge